JBF: ck #21049

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAVONZELLE MINOR, Independent )
Administrator of the Estate of HAZEL LEE )
GATES, )
deceased )
       Plaintiff, )
        )
v. ) No.: 2018L000961
        ) CALENDAR/ROOM F
SSC WESTCHESTER OPERATING ) TIME 00:00
COMPANY, LLC, d/b/a WESTCHESTER ) PI Other
HEALTH & REHABILITATION CENTER )
       Defendant. )

## COMPLAINT AT LAW

Now comes the Plaintiff, LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, Deceased, by her attorneys, KARLIN, FLEISHER & FALKENBERG, LLC, and complaining of Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, states as follows:

1.    This action is brought pursuant to the applicable provisions of the Illinois Nursing Home Care Act. That at all times mentioned herein SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, was and is subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., (the "Act").

2.    That on January 18, 2014, Hazel Lee Gates was admitted to the nursing home commonly known as SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a



WESTCHESTER HEALTH & REHABILITATION CENTER, located at 2901 Wolf Road in the Village of Westchester, County of Cook, State of Illinois.

3. The Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, is a corporation organized and existing pursuant to the laws of Illinois and doing business as the aforementioned SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER nursing home.

4. At all times mentioned herein, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, was the owner and/or Licensee and Operator within the meaning of the Nursing Home Care Act, of the long-term facility known as WESTCHESTER HEALTH & REHABILITATION CENTER (hereinafter referred to as "the facility") located at or near 2901 Wolf Road in the Village of Westchester, Illinois.

5. That on or about the time period between January 18, 2014 through April 18, 2017, Hazel Lee Gates was a "resident" of the facility owned by SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, within the meaning of the Nursing Home Care Act and was receiving care from SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its employees and agents, actual and/or apparent.

6. At the aforesaid time, Plaintiff's decedent, HAZEL LEE GATES, was under the care of the Defendant at Defendant's facility.

7. At the aforesaid time, while under the care of Defendant at Defendant's facility, Plaintiff's decedent, HAZEL LEE GATES, suffered from dysphagia.

8. At the aforesaid time, it was the duty of the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, through its employees and agents, actual and/or apparent, to refrain from neglecting Plaintiff's decedent, HAZEL LEE GATES, pursuant to the Act of 210 ILCS 45/2-107, 1-117, 2-104 (b) and 1-103.

9. At all times herein mentioned, the Defendant owed a duty to provide quality care to the Plaintiff's decedent, Hazel Lee Gates.

10. During the aforesaid time period, Defendant, through its employees and agents, actual and/or apparent, violated its duties to the Plaintiff's decedent, Hazel Lee Gates, by committing one or more or all of the following acts and/or omissions:

    a. Failed to properly have one (1) person assist the decedent while she was eating;

    b. Failed to properly monitor the Plaintiff's decedent while she was eating;

    c. Improperly allowed Plaintiff's decedent to eat a roll when she was on a soft mechanical diet;

    d. Failed to follow the Plaintiff's decedent's care plan when it came to her diet;

    e. Otherwise neglected the care of Plaintiff's decedent so as to cause physical harm.

11. As a direct and proximate result of one or more or all of the above-described acts and violations, Defendant did cause physical injury to the Plaintiff's decedent including allowing her to choke while eating on April 18, 2017 and injuries related directly to the choking incident.

12. As a proximate result of the above occurrence, Plaintiff's decedent sustained severe and permanent injury, both externally and internally, and was hindered and prevented from attending to her usual duties and affairs and has lost the value of that time as aforesaid mentioned. Plaintiff's decedent also suffered great pain and anguish, both in mind and body. Plaintiff's decedent further expended and became liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

13. HAZEL LEE GATES passed away on April 18, 2017.

14. LAVONZELLE MINOR was appointed Independent Administrator of the Estate of HAZEL LEE GATES, deceased, by the Circuit Court of Cook County's Probate Division on January 25, 2018. A copy of said Order is attached as Exhibit A.

15. This matter is brought pursuant to the Illinois Survival Statute.

16. Attached as Exhibit B is an Affidavit pursuant to Illinois Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

WHEREFORE, the Plaintiff, LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, Deceased, demands judgment against the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, in a fair and reasonable sum over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT II

Now comes the Plaintiff, LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, Deceased, by her attorneys, KARLIN, FLEISHER & FALKENBERG, LLC, and complaining of Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, states as follows:

1. On, before and after April 18, 2017, Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC, d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER was a corporation organized and existing pursuant to the laws of Illinois and operating as a nursing home located at 2901 Wolf Road in the Village of Westchester, Illinois.

2. At all times relevant hereto, including on and before April 18, 2017, Plaintiff's decedent, HAZEL LEE GATES, was a resident at Defendants' facility.

3. While a resident, Plaintiff's decedent, HAZEL LEE GATES, was to be on a soft mechanical diet and receive one (1) person assistance while eating meals.

4. At all relevant times, it was the duty of the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, acting through its employees and agents, actual and/or apparent, including CNAs, nurses, and/or care givers to exercise that degree of skill and care expected of reasonably careful health care providers in caring for someone with the same or similar conditions of ill-being as Plaintiff's decedent.

5. During the aforesaid time period, Defendant, through its employees and agents, actual and/or apparent, violated its duties to the Plaintiff decedent, HAZEL LEE GATES, by committing one or more or all of the following acts and/or omissions:

   a. Failed to properly have one (1) person assist the decedent while she was eating;

   b. Failed to properly monitor the Plaintiff's decedent while she was eating;

   c. Improperly allowed Plaintiff's decedent to eat a roll when she was on a soft mechanical diet;

   d. Failed to follow the Plaintiff's decedent's care plan when it came to her diet;

   e. Otherwise neglected the care of Plaintiff's decedent so as to cause physical harm.

6. As a direct and proximate result of one or more or all of the above-described acts and violations, Defendant did cause physical injury to the Plaintiff's decedent including allowing her to choke while eating resulting in her death on April 18, 2017.

7. Hazel Lee Gates left surviving her the following adult children: Lavonzelle Minor; Mark Gates and Reginald Gates.

8. By reason of Hazel Lee Gate's death, her next-of-kin have suffered and been deprived of the society, love, affection, companionship, and support of Hazel Gates.

9. This action and the damages sought by the Plaintiff are authorized and brought pursuant to the Illinois Wrongful Death Act 740 ILCS 180/0.01-180/2.2.

10. LAVONZELLE MINOR was appointed Independent Administrator of the Estate of HAZEL LEE GATES, deceased, by the Circuit Court of Cook County's Probate Division on January 25, 2018. A copy of said Order is attached as Exhibit A.

11. Attached as Exhibit B is an Affidavit pursuant to Illinois Supreme Court Rule 222(b) establishing that this cause of action is worth in excess of $50,000.00.

12. Attached as Exhibit C is an Affidavit pursuant to Illinois Supreme Court Rule 2-622.

WHEREFORE, the Plaintiff, LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, deceased, demands judgment against the Defendant, SSC WESTCHESTER OPERATING COMPANY, LLC d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER, in a fair and reasonable sum over and above FIFTY THOUSAND ($50,000.00) DOLLARS.

                              KARLIN, FLEISHER & FALKENBERG, LLC
                              Attorneys for Plaintiff

                    BY: _____
                              Jonathan B. Fleisher

111 W. Washington Street, Suite 950
Chicago, IL 60602
Ph. 312-346-8620
Attorney Code #49163

5

<u>Order Appointing Representative of Decedent's Estate - Intestate</u>     (02/24/15) CCP N314

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

**HAZEL LEE GATES**

No. **17 P 8018**

DATE OF DEATH: April 18, 2017

Deceased

### ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the Petition of **Lavonzelle Minor** _____ for issuance of Letters of
(printed name of the Petitioner)

Administration; ~~and the nominated representative's being a nonresident of Illinois and having complied with §1-11 of the Probate Act of 1975 [755 ILCS 5/1-11] by filing with the Court a Designation of Resident Agent to accept service of process, notice or demand required or permitted by law to be served upon the representative;~~

**IT IS ORDERED THAT:**

A. Letters of Administration issue to **Lavonzelle Minor** _____ as
(printed name of the proposed representative)

☐ 4232  Supervised Administrator           ☑ 4230  Independent Administrator
☐ 4249  Supervised Administrator to Collect  ☐ 4248  Independent Administrator to Collect
☐ 4237  Supervised Administrator de bonis non ☐ 4236  Independent Administrator de bonis non
☐ 4227  Supervised Co-Administrators        ☐ 4231  Independent Co-Administrators

B. The representative shall present to the Court:

** 1. ~~an Inventory as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear before the Court on, _____, 20___, at ___ m.~~
(not more than 60 days after the date of this Order)  ☐ 4192

** 2. ~~an Account as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear before the Court on, _____, 20___, at ___ m., and~~
(not more than 14 months after the date of this Order)  ☐ 4292

*** 3. a Final Report as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear before the Court to present a written status report on, _____, 20**19**,
at **10am** m.
(not more than 14 months after the date of this Order)  ☐ 4297

\* Strike if representative is a resident of Illinois
\*\* Strike if independent administration
\*\*\* Strike if supervised administration

Atty. No.: **48028**
Name: **Michael Habic**
Firm Name: **Bielski Law Office**
Attorney for Petitioner: **Lavonzelle Gates**
Address: **53 W. Jackson Blvd., Ste. 401**
City/State/Zip Code: **Chicago, IL 60604**
Telephone: **(312) 583-9430**
Email Address: **habic@johnbielskilaw.com**

ENTERED
JUDGE JOHN J. FLEMING-1713
JAN 25 2018
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge _____ /1713
Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

EXHIBIT
A

JBF: ck #21049

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, deceased<br>       Plaintiff,<br><br>v.<br><br>SSC WESTCHESTER OPERATING COMPANY, LLC, d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No.:<br>)<br>)<br>)<br>)<br>) |

## **AFFIDAVIT**

Now comes the Affiant, Jonathan B. Fleisher, and states the following under oath:

1. That he is the attorney of record for the Plaintiff.

2. The total of money damages sought does exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

                                          KARLIN, FLEISHER & FALKENBERG, L.L.C.

                                          BY: _____
                                                 Jonathan B. Fleisher

KARLIN, FLEISHER & FALKENBERG, L.L.C.
Attorneys for Plaintiff
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-862

**EXHIBIT B**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, deceased<br>        Plaintiff,<br><br>v.<br><br>SSC WESTCHESTER OPERATING COMPANY, LLC, d/b/a WESTCHESTER HEALTH & REHABILITATION CENTER<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.:<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

Jonathan B Fleisher, being first duly sworn, states as follows:

I am an attorney employed by KARLIN, FLEISHER & FALKENBERG, LLC, who are the attorneys for LAVONZELLE MINOR, Independent Administrator of the Estate of HAZEL LEE GATES, deceased.

I have consulted and reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.

I have concluded on the basis of the reviewing healthcare professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.

A copy of the reviewing healthcare professional's report (with information which would identify the reviewing healthcare professional being deleted) is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

_____
Jonathan B. Fleisher

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
Attorney Code #49163


EXHIBIT a

Mr. Jonathan B. Fleisher
Karlin, Fleisher & Falkenberg, LLC
111 W. Washington Street, Suite 950
Chicago, IL 60602

Re: Hazel Lee Gates, deceased- File No.: 21049

Dear Mr. Fleisher:

I am a physician licensed to practice medicine in all of its branches in the State of Illinois and have practiced in the last six (6) years in the areas of internal medicine and geriatric medicine.

I am knowledgeable concerning the standard of care, methods, procedures and treatments as they relate to issues of the care and treatment involved in this matter. I have also read, and reviewed documents forwarded to me pertaining to the care of Hazel Lee Gates, including:

1. Records from Westchester Health and Rehabilitation Center.

Based upon my education, training and experience, and my review of the aforesaid records it is my opinion based upon a reasonable degree of medical certainty that the care provided by the staff at Westchester Health and Rehabilitation Center fell below the standard of care and as such there is reasonable and meritorious base for filing a cause of action against Westchester Health and Rehabilitation Center.

On or about January 18, 2014, Hazel Lee Gates began her long-term stay as a resident at Westchester Health and Rehabilitation Center. While a resident at Westchester Health and Rehabilitation Center, Hazel Lee Gates' care plan called for a mechanical soft diet as well as requiring one person assisting her while eating. On April 18, 2017, Hazel Lee Gates choked and died while eating a roll at the facility.

In my opinion, the staff at Westchester Health and Rehabilitation Center carelessly and improperly failed to have one person assisting Hazel Lee Gates while she was eating on April 18, 2017; carelessly and improperly failed to properly monitor Hazel Lee Gates while she was eating on April 18, 2017; carelessly and improperly allowed Hazel Lee Gates to eat a roll when she was on a soft mechanical diet on April 18, 2017, and carelessly and improperly failed to follow her care plan when it came to her diet.

As a result of these violations of the standard of care, Hazel Lee Gates was allowed to eat a roll causing her to choke and die on April 18, 2017.